UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY D. THOMAS,

     Plaintiff,

     v.

TIMOTHY D. SCHAEFFER, et al.,

     Defendants.

CIVIL ACTION NO. 3:24-cv-01603

(SAPORITO, J.)

## ORDER

The defendants have timely filed a Rule 54(b) motion for reconsideration of our order granting in part and denying in part their Rule 12(b)(6) motion to dismiss this action for failure to state a claim. Doc. 33; *see also* Doc. 34; Doc. 37; Doc. 38.

Because the defendants' motion seeks reconsideration of an interlocutory order, it is necessarily brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1] *See Qazizadeh v. Pinnacle Health Sys.*,

---

[1] The plaintiffs suggest that, as a motion for reconsideration, this motion should have been brought under Rule 59(e) instead of Rule 54(b), and thus the more stringent standard of review set forth in *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), should be applied. But "because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters

*(continued on next page)*

214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the

---

the final judgment." *Pellicano v. Blue Cross Blue Shield Ass'n*, 540 Fed. App'x 95, 97 n.4 (3d Cir. 2013) (per curiam) (quoting *Auto Servs. Co. v. KPMG*, 537 F.3d 853, 856 (8th Cir. 2008)) (brackets omitted). "A motion to dismiss which is only partially granted does not constitute final judgment, unless expressly entered as such." *Phila. Res. Supply Co. v. Nowalk & Assocs., Inc.*, 864 F. Supp. 1456, 1460 (E.D. Pa. 1994). Thus, the defendants' motion for reconsideration of our partial dismissal order is essentially "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Pellicano*, 540 Fed. App'x at 97 n.4 (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 122 n.1 (10th Cir. 1991)). Whatever the nomenclature, the motion is properly brought under Rule 54(b), not Rule 59(e).

need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). Nevertheless,

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

The gist of the defendants' motion for reconsideration is that our denial of their motion to dismiss with respect to the plaintiff's as-applied Fourth Amendment claim was clearly erroneous because we failed to

predict how the Supreme Court of Pennsylvania would interpret the challenged statute, 30 Pa. Cons. Stat. Ann. § 901(a)(7). Citing a number of diversity actions in which federal district courts were required to apply substantive state law to resolve the state-law claims before them,[2] the defendants argue that this court should have done so here as well, which would have led us to the conclusion that, because the statute—as the state supreme court should be predicted by this court to interpret it— does not permit unconstitutional searches, any unconstitutional search by a WCO is not an application of the statute.

But we have already considered and rejected this very same circular argument by the defendants. *See Thomas v. Schaeffer*, No. 3:24-cv-01603, 2025 WL 2581840, at *4–5 (M.D. Pa. Sept. 5, 2025) ("The

---

[2] The defendants cite to one civil rights case involving a federal court predicting the state supreme court's interpretation of a statute, *Stretton v. Disciplinary Board*, 944 F.2d 137 (3d Cir. 1991), but that case is inapposite because it involved a First Amendment challenge to a state statute on overbreadth grounds, requiring the federal court to interpret the scope of the challenged state statute. As we explained in addressing the plaintiff's facial challenge to Section 901(a)(7) in our prior decision, "[o]utside of the First Amendment, potential overbreadth does not provide a means for striking down a statute." *Thomas v. Schaeffer*, No. 3:24-cv-01603, 2025 WL 2581840, at *7 (M.D. Pa. Sept. 5, 2025) (quoting *United States v. Mitchell*, 652 F.3d 387, 415 n.26 (3d Cir. 2011) (en banc)), Doc. 31.

defendants' argument in reply boils down to an empty tautology . . . . [T]he issue is not whether WCO Moon's conduct was in accord with state law, whether as written or as might be more narrowly construed by the state courts, but whether his conduct fell outside what a properly drawn statute could cover under the Fourth Amendment."), Doc. 31. We remain unconvinced. *See generally Virginia v. Moore*, 553 U.S. 164, 171 (2008) ("[W]hether state law authorized the search was irrelevant."); *United States v. Whitlow*, 134 F.4th 914, 921 (6th Cir. 2025) ("The Fourth Amendment question doesn't change based on the 'trivialities' of state law." (citing *Moore*, 553 U.S. at 172)); *Frey v. Town of Jackson*, 41 F.4th 1223, 1234 (10th Cir. 2022) ("Whether state law authorizes the arrest is irrelevant to the federal constitutional question because state law does not establish the standard for reasonableness under the Fourth Amendment.").

The moving defendants have failed to establish good cause for why this court should revisit its prior decision. *See Qazizadeh*, 214 F. Supp. 3d at 295. We find no error with respect to the legal analysis articulated in our prior decision. Moreover, the defendants' motion papers simply reargue matters already addressed by the parties and the court in

connection with the underlying motion, which is impermissible under

Rule 54(b). *See Qazizadeh*, 214 F. Supp. 3d at 295–96.

We find no reasonable basis for reconsideration. Accordingly, **IT IS**

**HEREBY ORDERED THAT** the defendants' motion for reconsideration

(Doc. 33) is **DENIED**.

Dated: June 17, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge