**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Timothy D. Thomas,<br>Plaintiff,<br>v.<br>Timothy D. Schaeffer and Ty C. Moon,<br>Defendants. | No. 3:24-cv-1603<br>Judge Saporito<br>Electronically Filed Document |

**DEFENDANTS' RESPONSE TO SHOW-CAUSE ORDER**

Defendants respond to this Court's August 7, 2026 show-cause order, ECF No. 59.

**Background**

On two occasions in 2023, Defendant Ty C. Moon, in his capacity as a waterways conservation officer ("WCO") with the Pennsylvania Fish and Boat Commission (the "Commission"), entered upon private property owned by Plaintiff Timothy D. Thomas. Those entries were made because Moon believed Thomas was violating various fishing and boating regulations. Thomas asserts that, during those entries, Moon relied on 30 Pa. C.S. § 901(a)(7) to enter upon the curtilage of his home in violation of the Fourth Amendment.

Thomas later sued Moon and the Commission's Executive Director, Timothy D. Schaeffer, asserting that Section 901(a)(7) was a "statewide general warrant

authorizing officers to search the curtilage of Pennsylvanians' homes without restriction." ECF No. 1 ¶ 4. Thomas seeks a declaration that this purported "general warrant" is unconstitutional and an injunction prohibiting Moon and the Commission's other WCOs from "relying on [it] to enter or search the curtilage of homes without a warrant." *Id.* at 24.

On May 18, 2026, Defendants filed a Motion for Summary Judgment, in which they explained that Thomas failed to make the showing necessary to obtain permanent, prospective injunctive relief under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), and that Thomas's claim for declaratory relief fell with his request for injunctive relief. More specifically, Defendants explained that Thomas had adduced no evidence showing a "real and immediate" threat[1] that any WCO would in the future conduct any unconstitutional searches on his property under Section 901(a)(7) because, *inter alia*, the Commission clearly acknowledges the Fourth Amendment constraints on WCOs' authority; extensively trains its WCOs on those restraints; and expects its WCOs to respect those restraints. Defendants also explained that any declaration would do nothing but "adjudicate past conduct,"[2] and thus was unavailable.

---

[1] *Lyons*, 461 U.S. at 105–06.

[2] *Corliss v. O' Brien*, 200 F. App'x 80, 84 (3d Cir. 2006).

The Court has not yet ruled on that motion. But after it was filed, the Pennsylvania Supreme Court held that Article I, Section 8 of the Pennsylvania Constitution "provides Pennsylvania citizens with greater protection than the Fourth Amendment to the United States Constitution as it relates to the open fields of any landowner that has demonstrated a reasonable expectation of privacy by taking sufficient steps to exclude intruders therefrom." *Punxsutawney Hunting Club, Inc. v. Pennsylvania Game Commission*, 2026 WL 2111761, at *38 (Pa. July 21, 2026). Defendants notified the Court of that decision, explaining that it made Thomas's already insufficient claim for injunctive relief even weaker. *See* ECF No. 58. More specifically, Defendants explained that, because it is undisputed that Thomas's property is posted with no-trespassing signs, and undisputed that the Commission looks to decisions by the Pennsylvania Supreme Court when determining the extent of WCOs' authority, it is even ***less*** likely that any WCO will enter Thomas's posted property in violation of the less-strict requirements of the Fourth Amendment. *Id.* Then, on August 7, 2026, this Court issued a show-cause order in which it requested supplemental briefing regarding "whether [Thomas's] claims for declaratory and injunctive relief have been rendered moot" by *Punxsutawney*. ECF No. 59.

## Argument

1. This case can be resolved on the grounds presented in Defendants' Motion for Summary Judgment.

Defendants stress that this case can be resolved on the grounds already presented in Defendants' Motion for Summary Judgment. That is, this Court can grant summary judgment to Defendants because Thomas has failed to show a "real and immediate" threat[3] that any other WCO will enter the curtilage of his property. The undisputed evidence shows that the Commission interprets its powers as constrained by the Fourth Amendment; trains its WCOs on the Fourth Amendment's constraints; and expects its WCOs to abide by those constraints. Of course, Thomas points to the fact that one former WCO entered his property years ago on two discrete occasions. But despite extensive discovery, Thomas has no evidence that any other WCO entered his or anyone else's property unconstitutionally at any time before or since. In other words, Thomas has, at best, shown that a single WCO misapprehended the scope of his ability to "[e]nter upon any land," 30 Pa. C.S. § 901(a)(7), consistent with the Fourth Amendment.[4] This is insufficient to grant

[3] *Lyons*, 461 U.S. at 105–06.

[4] Defendants do not concede that Moon's entries onto Thomas's property were unconstitutional. But even if they were, "[p]ast exposure to illegal conduct does not . . . show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974).

Thomas's request for injunctive relief and, therefore, also his request for declaratory relief.[5]

2. Defendants need not rely on the voluntary-cessation doctrine.

Defendants presume that the Court, in issuing its show-cause order, believed that the voluntary-cessation doctrine might apply to the facts of this case. *See Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 305–07 (3d Cir. 2020). But there is nothing for the Commission, or for Moon's successor in office,[6] to voluntarily cease doing. As noted above, the undisputed evidence shows that the Commission interprets its powers as constrained by the Fourth Amendment; trains its WCOs on the Fourth Amendment's constraints; and expects its WCOs to abide by those constraints. Thus the Commission is not arguing that it took "some action . . . unilaterally after the litigation began" that would avoid entries onto Thomas's property in the future. *Id.* at 306. Instead, it is arguing that it ***never*** would have

[5] *Cf. Akins v. City of Erie Police Dep't*, 2020 WL 838564, at *11 (W.D. Pa. Feb. 20, 2020) ("Here, Akins' request for injunctive relief is based solely on Officer Sweeney's single encounter with him and, therefore, Akins has not alleged any real or immediate threat that he will be wronged again. Not only does Akins fail to allege that he will have another encounter with Officer Sweeney or the EPD, but he also fails to claim either that all EPD officials regularly violate the Fourth Amendment rights of those they encounter or that the City of Erie authorized such conduct. Accordingly, Akins lacks standing to seek injunctive relief and his request for such relief must be dismissed." (citations omitted)).

[6] Thomas named Moon only in his official capacity. Of course, if he had named Moon in his personal capacity, the personal-capacity claim would be moot because of Moon's departure from the Commission.

approved of or participated in unconstitutional searches of Thomas's property.[7] *Cf. id.* (no mootness where entity "forcefully maintained the constitutionally of [an] enjoined policy and planned to reinstate it in the future"); *cf. also id.* ("We will understandably be skeptical of a claim of mootness when a defendant yields in the face of a court order and assures us that the case is moot because the injury will not recur, yet maintains that its conduct was lawful all along."). And while *Punxsutawney* will undoubtedly change how WCOs operate in the future, *see* ECF No. 58 at 3–4, this is not a case where the Commission will cease violating the Fourth Amendment simply "because of . . . [the] ruling in [that] completely different case[.]" *Id.* at 307. Instead, the undisputed evidence shows that the Commission

[7] Note that, while Defendants do not concede that Moon's entries were unconstitutional, the Commission's representative repeatedly expressed skepticism about the constitutional validity of Moon's actions. *See, e.g.*, ECF No. 49–1 at 206 ("[T]here's definitely some questions I have on what his intent was, what he was trying to accomplish at that time. . . . [I]t's hard for me to say one way or the other, whether that was acceptable or not."); *id.* at 207–08 (Q: "[D]oes the Commission think that officer Moon should have gotten a warrant for any of his activities that day?" A: "It certainly would have helped him in this circumstance. . . . [I]f he had already made the determination that they were at this time eluding him, I would have gone and recommended, from the Commission standpoint, . . . for this minor violation, perhaps, a warrant would have been the appropriate route to avoid trouble down the road."); *id.* at 208 ("[I]t's curtilage, it's protected, but do any of the exceptions apply, I guess, is what I would like to know. And it's going to be hard to ever really know that or not based on . . . us not being there. But at face value, it doesn't necessarily look good for us."); *id.* at 209 ("I would have recommended a warrant if you were going to go and open compartments of that boat."); *id.* at 244 ("[T]here were things that, as the training coordinator, I would have recommended being done differently.").

***never*** believed it could violate the Fourth Amendment, and took extensive steps to prevent its WCOs from doing so.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: */s/ Jacob Frasch*
Jacob Frasch
Senior Deputy Attorney General
Attorney ID PA No. 328362

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

Counsel for Defendants Timothy D. Schaeffer and Ty C. Moon

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 580-7897
jfrasch@attorneygeneral.gov

Date: August 28, 2026

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 4.2, I certify that a true and correct copy of the foregoing and all attachments was served on all counsel of record on August 28, 2026, by filing it with this Court's ECF system.

*/s/ Jacob Frasch*
Jacob Frasch
Senior Deputy Attorney General