**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Timothy D. Thomas,<br>Plaintiff,<br>v.<br>Timothy D. Schaeffer and Ty C. Moon,<br>Defendants. | No. 3:24-cv-1603<br>Judge Saporito<br>Electronically Filed Document |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO SHOW-CAUSE ORDER**

Defendants reply to Plaintiff's response to this Court's August 7, 2026 show-cause order. ECF No. 60; *see* ECF No. 59.

Three years ago, Moon—a waterways conservation officer ("WCO") of the Pennsylvania Fish & Boat Commission—briefly entered Thomas's property because Moon believed Thomas was violating various fishing and boating regulations.[1]

A year later, Thomas filed the above-captioned action. His Complaint asserts that the Commission interprets 30 Pa. C.S. § 901(a)(7) as giving WCOs the right to enter protected curtilage at will, in open defiance of the Fourth Amendment. It also seeks a declaration that that assumed interpretation is unconstitutional, and a

[1] It is undisputed that, at the time of the first search, Thomas's boat was in fact unregistered, and Thomas in fact lacked a fishing license. *See* ECF No. 48 n.11.

permanent injunction against future unconstitutional searches conducted under that assumed interpretation.

Discovery was, to put it mildly, quite illuminating. It revealed:

- ***No*** other unconstitutional[2] searches by Moon (who has now left the Commission) or any other WCO, either before or after the 2023 entries;
- That the Commission expressly ***rejects*** Thomas's assumed interpretation of Section 901(a)(7) as permitting unconstitutional searches, and instead firmly believes (as it obviously must) that its WCOs are constrained by the Fourth Amendment; and
- That the Commission puts each and every one of its WCOs through a year-long training which comprises, first, the ***same, full, six-month training given to every municipal police officer in this Commonwealth*** (which training expressly covers the Fourth Amendment) and, second, an additional six-month training during which WCOs learn to apply constitutional principles to their day-to-day work.

Further, when asked about the Commission's interpretation of Section 901(a)(7), its designated representative expressly testified that the Commission looks to decisions by the Pennsylvania Supreme Court when determining the extent of WCOs' authority because the Pennsylvania Supreme Court can impose "stricter" constraints under Article I, Section 8 of the Pennsylvania Constitution than the United States Supreme Court imposes under the Fourth Amendment to the United States Constitution. ECF No. 49–1 at 142.

[2] As explained elsewhere, Defendants do not concede that Moon's searches were unconstitutional. But because Thomas seeks no damages, Defendants need not—and therefore do not—attempt to argue or prove those searches were constitutionally sound.

That testimony turned out to be prescient. Indeed, just a few months later, the Pennsylvania Supreme Court held that Article I, Section 8 of the Pennsylvania Constitution "provides Pennsylvania citizens with greater protection than the Fourth Amendment to the United States Constitution as it relates to the open fields of any landowner that has demonstrated a reasonable expectation of privacy by taking sufficient steps to exclude intruders therefrom." *Punxsutawney Hunting Club, Inc. v. Pennsylvania Game Commission*, 360 A.3d 828, 879 (Pa. 2026).

In response to that decision, Defendants filed a Notice of Supplemental Authority, arguing that the *Punxsutawney* decision will make it even ***less*** likely that any WCO will unconstitutionally search Thomas's property in the future. ECF No. 58. This is because Thomas's property is posted with "No Trespassing" signs, and thus WCOs will now be expected to treat such property as protected. ECF No. 58. Thus there is ***even more*** evidence showing that there is ***no*** "real and immediate," *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983), threat that any WCO would conduct any further purportedly unconstitutional searches on his property.

This Court then issued an order asking the parties to address whether *Punxsutawney* moots this case. ECF No. 59. In their response, Defendants disclaimed reliance on mootness (specifically, the voluntary-cessation mootness doctrine), again reiterating that Thomas's claims fail simply because he has not adduced sufficient evidence for prospective injunctive relief. ECF No. 61.

In his response, Thomas vigorously argues that Defendants have not proven voluntary cessation. ECF No. 60 at 8–14. But as just noted, Defendants disclaim reliance on the voluntary-cessation mootness doctrine.

Along the way, Thomas claims that Defendants' argument about standing—i.e., Defendants' argument that Thomas has not shown a "real and immediate" threat of further unconstitutional searches on his property—"is really an argument about voluntary cessation." ECF No. 60 at 8. Thomas is flatly wrong. He "cannot recharacterize as mootness what is really a question of standing." *Reading v. N. Hanover Twp., New Jersey*, 124 F.4th 189, 198 (3d Cir. 2024). The "issue here is whether [Thomas] meets the preconditions for asserting an injunctive claim in a federal forum." *Id.* And "[b]ecause [Thomas] has not since the filing of [his] action established a likelihood of future harm, the doctrines of mootness and voluntary cessation" are irrelevant. *Id.*

Thomas also attempts to rely on a stray, out-of-court, unsworn[3] statement by a member of the Commission's Board that *Punxsutawney* "won't fundamentally change how [WCOS] do their job." *See* ECF No. 60 at 1. But in the first place, "unsworn factual statements do not constitute competent evidence for purposes of

[3] The statement is hearsay, and Defendants object to it as such. *See Travillion v. Harry*, 2024 WL 1285542, at *4 n.12 (M.D. Pa. Mar. 26, 2024) (sustaining hearsay objection at summary-judgment stage).

defeating a motion for summary judgment." *Yan Yan v. Penn State Univ.*, 529 F. App'x 167, 170 (3d Cir. 2013). This is especially true since there is sworn testimony from the Commission's designated representative that the Commission interprets WCOs' power as constrained by both the federal and state constitutions. (Indeed, if the Commission's representative had testified otherwise, Thomas would surely oppose any attempt by Defendants to subsequently contradict that testimony with an unsworn, out-of-court, hearsay statement by any of its officers or board members!)

In the second place, that statement may in fact be true—and also helpful to the Commission. After all, and as explained at length in the summary-judgment papers, the Commission has always expected its WCOs to abide by the Fourth Amendment. And *Punxsutawney*, while interpreting Article I, Section 8 as offering greater protection than the Fourth Amendment, did not abandon the open-fields doctrine in its entirety. Instead it held it inapplicable only when a landowner has taken certain steps, such as the posting of No-Trespassing signs. Thus *Punxsutawney*, as a practical matter, will prohibit only a subset of previously acceptable searches of open fields.

And in the third place, WCOs are tasked with a host of non-law-enforcement duties, such as stocking fish. *See* ECF No. 49–1 at 189. Entering land to conduct these duties would not violate the Fourth Amendment. *See United States v. Jones*, 565 U.S. 400, 408 n.5 (2012) ("Trespass alone does not qualify, but there must be

conjoined with that what was present here: ***an attempt to find something or to obtain information***." (emphasis added)). And *Punxsutawney* did not indicate that it was interpreting "search" in Article I, Section 8 as covering more conduct than the Fourth Amendment (or reading that word out of the Pennsylvania constitution entirely). *See Punxsutawney*, 360 A.3d at 842 (noting that the challenged statutes gave officers the power to "enter private land . . . ***to inspect for violations of***" the law); *see also id.* at 880 n. 24 (quoting *Jones*).

Thus, as matter of practice, *Punxsutawney* may not in fact "fundamentally change how [WCOs] do their job."[4]

* * *

This case boils down to one, simple question: Has Thomas adduced evidence showing a "real and immediate" threat that any WCO will unconstitutionally search his property in the future?

---

[4] Thomas also notes that the board member stated that WCOs can enter private property without a warrant if they observe a crime being committed. ECF No. 60 at 11. But that remains true, in certain circumstances, under the "exigent-circumstances" exception to the Fourth Amendment and Article I, Section 8. *See, e.g.*, *Lange v. California*, 594 U.S. 295, 302 (2021); *Commonwealth v. Hunte*, 337 A.3d 483, 498 (Pa. 2025). And *Punxsutawney* did not cabin that exception as applied to Article I, Section 8.

In any event, to the extent Thomas is attempting to use this stray, out-of-court, unsworn statement to argue that the Commission misunderstands or misapplies that exception, that attempt should be rejected out of hand. *See Yan Yan*, 529 F. App'x at 170; *Travillion*, 2024 WL 1285542, at *4 n.12.

And there is one, simple answer: No. Other than two entries onto his property three years ago—the constitutionality of which was seriously questioned by the Commission's representative—by a now-departed WCO, Thomas has nothing other than extensive testimony showing that the Commission firmly believes that its WCOs ***are bound*** by both the United States and Pennsylvania Constitution, and that the Commission ***extensively trains*** its WCOs to respect those boundaries.

This Court, then, should deny Plaintiff's Motion for Summary Judgment; grant Defendants' Motion for Summary Judgment; and close this case.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: */s/ Jacob Frasch*
Jacob Frasch
Senior Deputy Attorney General
Attorney ID PA No. 328362

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

Counsel for Defendants Timothy D. Schaeffer and Ty C. Moon

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 580-7897
jfrasch@attorneygeneral.gov

Date: September 11, 2026

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 4.2, I certify that a true and correct copy of the foregoing and all attachments was served on all counsel of record on September 11, 2026, by filing it with this Court's ECF system.

*/s/ Jacob Frasch*
Jacob Frasch
Senior Deputy Attorney General